[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 67.]

IN RE STEWART ET AL.

IN RE PERRY ET AL.

[Cite as *In re Stewart*, 2002-Ohio-3526.]

*Real property—Former R.C. 5301.234 can be applied to presume the validity of a mortgage in a bankruptcy case filed after the effective date of the statute when the mortgage at issue in the bankruptcy case was recorded before the statute's effective date.*

(No. 2001-2031—Submitted June 5, 2002—Decided July 24, 2002.)

ON ORDER from the Bankruptcy Appellate Panel of the United States Sixth Circuit Court of Appeals, Certifying a Question of State Law, Nos. 01-8090 and 01-8032.

———————————

{¶1} This matter is before the court on a certified question of state law from the Bankruptcy Appellate Panel of the United States Sixth Circuit Court of Appeals. The panel certified the following question:

{¶2} "Can Ohio Revised Code § 5301.234 be applied to presume the validity of a mortgage in a bankruptcy case filed after the effective date of the statute, when the mortgage at issue in the bankruptcy case was recorded before the statute's effective date?"

{¶3} The certified question is answered in the affirmative.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

Luper, Sheriff & Neidenthal and Kenneth M. Richards, for petitioner William B. Logan Jr., trustee.

Weltman, Weinberg & Reis Co., L.P.A., and Geoffrey J. Peters, for respondent City Loan Financial Services, Inc.

McFadden & Associates Co., L.P.A., and David A. Freeburg, for respondent Charter One Credit Corporation.

Havens Willis L.L.C., Michael J. Sikora III and Lori L. Reisinger, for amicus curiae Ohio Land Title Association.

_____